Zheng v. Barr

BIA
Poczter, IJ
A209 127 618

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of September, two thousand twenty.

PRESENT:
> JON O. NEWMAN,*
> JOSEPH F. BIANCO,
> WILLIAM J. NARDINI,
> > *Circuit Judges.*

_____

HAI QIN ZHENG,
> *Petitioner,*

> v.                                          18-2330
>                                             NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Richard Tarzia, Esq., Belle Mead, NJ.

---

\* Circuit Judge Peter W. Hall, originally a member of the panel, is currently unavailable. Circuit Judge Jon O. Newman has replaced Judge Hall on the panel for this matter. *See* 2d Cir. IOP E(b).

**FOR RESPONDENT:** Ethan P. Davis, Acting Assistant Attorney General; Paul Fiorino, Senior Litigation Counsel; Andrew B. Insenga, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Hai Qin Zheng, a native and citizen of the People's Republic of China, seeks review of a July 24, 2018 decision of the BIA affirming a September 12, 2017 decision of an Immigration Judge ("IJ") denying Zheng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hai Qin Zheng,* No. A 209 127 618 (B.I.A. July 24, 2018), *aff'g* No. A 209 127 618 (Immig. Ct. N.Y. City Sep. 12, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, i.e., minus the finding on which the BIA declined to rely. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See*

2

8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination under a substantial evidence standard); *Lecaj v. Holder*, 616 F.3d 111, 114 (2d Cir. 2010) (reviewing factual findings for substantial evidence and questions of law and application of law to fact de novo). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, . . . or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). While the agency "may rely on *any* inconsistency or omission in making an adverse credibility determination," *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008), "omissions are less probative of credibility than inconsistencies created by direct contradictions in evidence and testimony," *Hong Fei Gao*, 891 F.3d at 78 (internal quotation marks omitted). We have concluded that remand is warranted because the agency found

3

Zheng not credible based entirely on omissions from her written statement and her father's letter about treatment she received at a clinic following her alleged detention and a police visit to her home following her departure from China.

First, the agency erred in relying on the omission from Zheng's father's letter that Zheng received treatment at a clinic. *Id.* at 79 ("Although the fact that petitioners visited clinics for medical treatment may be probative of the degree of harm they suffered, the omissions of these details from petitioners' initial applications did not warrant the heavy weight afforded to them by the IJs and the BIA."). This omission is not sufficiently probative in this case to support an adverse credibility determination because it relates to a detail about the "*aftermath* of the alleged persecution," Zheng did not allege any serious injury or extensive treatment, and the third-party omission did not create any actual inconsistency. *See id.* at 80–81.

Given this error, we conclude that remand is warranted because the remaining omission, by itself, does not constitute substantial evidence that would support the adverse credibility determination, and it is far from clear

4

based on the record that the same decision would be reached on remand. "[W]here the IJ or the BIA has committed legal error, . . . we will affirm *only* when remanding the case to the agency would be futile—namely, a) when the IJ articulates an alternative and sufficient basis for her determination; b) when her reliance on the erroneous aspect of her reasoning is substantially tangential to her non-erroneous findings; or c) when overwhelming evidence in the record makes it clear that the same decision is inevitable on remand, or, in short, *whenever* the reviewing panel is confident that the agency would reach the same result upon a reconsideration cleansed of errors." *Gurung v. Barr*, 929 F.3d 56, 62 (2d Cir. 2019) (internal quotation marks omitted). The remaining finding— that Zheng's amended written statement and her father's letter omitted that the police visited Zheng's family after she left China—is not "overwhelming evidence" of Zheng's lack of credibility. *See id*. While this is a fact that would have bolstered Zheng's claim, the record does not support a conclusion that this was a significant event because the allegation arose only in response to a direct question on cross-examination, and she testified that the police simply

5

asked her father for her whereabouts and then left. *See Hong Fei Gao*, 891 F.3d at 80 (An omission that comes out on cross-examination is less probative because "[i]t [i]s not as though [petitioners] volunteered the information on direct examination in an effort to falsely buttress their claims through testimony.").

While the agency also ruled that Zheng failed to submit reliable documentary evidence to rehabilitate her credibility and a failure to corroborate may bear on credibility "because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question," *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007), the IJ tied the lack of reliable documentary evidence to the omissions. Given the errors, the absence of corroboration is not a basis for an adverse credibility determination. *See Chuilu Liu v. Holder*, 575 F.3d 193, 198 n.5 (2d Cir. 2009) ("[W]hile a failure to corroborate can suffice, without more, to support a finding that an alien has not met his burden of proof, a failure to corroborate cannot, without more, support an adverse credibility determination.").

6

Because credibility is a threshold determination and a credible claim of past persecution triggers a presumption of future persecution, we conclude that remand is required and do not reach the agency's alternative finding regarding Zheng's practice of Christianity in the United States. *See* 8 C.F.R. § 1208.13(b)(1); *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this order. All pending motions and applications are DENIED and stays VACATED.

<div style="margin-left: 40%;">

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

</div>

7